# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEBORAH DIANE FLETCHER | * |
| Plaintiff | * |
| v | * Civil Action Case No. JFM-13-2940 |
| ALBERT EINSTEIN MEDICAL CENTER | * |
| Defendant | |

***

## ORDER

On October 7, 2013, self-represented plaintiff Deborah Fletcher, a resident of Baltimore, Maryland, filed the instant action alleging both federal question and diversity jurisdiction. She states that on May 7, 1969, when she went into labor at the Albert Einstein Medical Center in Philadelphia, Pennsylvania, she was told the child was in a "breach" position. By inference, it appears that plaintiff underwent a procedure commonly known as "C-Section." Because the child was born with hair, she believes the child is not her own. Plaintiff, who indicates this is a medical malpractice case, seeks $7,000,000 in money damages and requests leave to proceed in forma pauperis.

This court is a court of limited original jurisdiction. It does not sit to review every claim related to state tort claims such as medical malpractice or tortious conduct involving non-federal parties.[1] It only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160

---

[1] This court does not have original subject matter jurisdiction over such disputes. Further, there are no facts to suggest a federal question is presented pursuant to 28 U.S.C. § 1331.

(2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989); *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Plaintiff is a Maryland resident and the defendant provides medical services in Pennsylvania. Diversity jurisdiction also requires that the controversy involve a minimum amount of damages. This requirement also appears to be met. *See* 28 U.S.C. 28 U.S.C. § 1332(a).

Nonetheless, plaintiff's lawsuit must be dismissed. Her claim, which is factually lacking at best, is time-barred, as the child she believes is not her own was born more than forty-four years ago.

For these reasons, it is this ___ day of _____, 2013, by the United States District Court for the District of Maryland, hereby ORDERED:

1. The motion to proceed in forma pauperis (ECF No. 2) IS GRANTED;

2. The case IS DISMISSED;

3. The case IS CLOSED; and

4. The Clerk SHALL MAIL a copy of this order to plaintiff.

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 OCT 15 P 2:10
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY